IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| MACEE DION GREEN | § | |
| v. | § | CIVIL ACTION NO. 2:07cv366 |
| | | (Crim. No. 2:05cr3) |
| UNITED STATES OF AMERICA | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Movant Macee Green filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 asserting that his attorney was ineffective for failing to file a notice of appeal after being instructed to do so. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Green received consecutive 90 and 60 month sentences for the offenses of possession with intent to distribute cocaine and use and carrying of firearms during a drug trafficking crime. He entered a plea of guilty and waived his right to appeal.

In the present Section 2255 motion, Green complained that the evidence was insufficient to support a conviction on the firearms charge, counsel was ineffective for failing to object to the firearms charge, and counsel failed to file a direct appeal. The Government responded to Green's motion by saying that the first two of these claims were barred by the waiver of appeal provision in the plea agreement, and that Green should be granted an out-of-time appeal.

After review of the pleadings, the Magistrate Judge issued a Report recommending that Green's first two claims be denied as barred by the appeal waiver and that Green be granted relief on his third claim, in the form of being allowed an out-of-time appeal. Green filed objections to the Magistrate Judge's Report on December 1, 2009.

1

In his objections, Green cites a Ninth Circuit case which held that an appeal waiver did not bar a claim of ineffective assistance of counsel. He argues that his claim of ineffective assistance should not be dismissed, but should be allowed to proceed.

In the case cited by Green, *U.S. v. Baramdyka*, 95 F.3d 840 (9th Cir. 1996), the Ninth Circuit stated that waivers of appeal do not include claims of ineffective assistance of counsel brought under Section 2255. *Baramdyka*, 95 F.3d at 844, *citing United States v. Pruitt*. 32 F.3d 431, 433 (9th Cir. 1994).

The Fifth Circuit has held that a claim of ineffective assistance of counsel would survive a waiver of appeal only if the claimed ineffective assistance directly affected the validity of the waiver or of the plea itself. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Whatever the relative merits of the position taken by the Ninth Circuit, this Court is bound by Fifth Circuit authority. In this case, Green did not show that his allegation of ineffective assistance of counsel implicated the validity of the waiver of appeal or of the plea itself, and so the Magistrate Judge correctly concluded that the allegation was barred by the waiver of appeal. Green's objections are without merit.

As the Magistrate Judge explained, the procedure for providing a criminal defendant with an out-of-time appeal is set out in *United States v. West*, 240 F.3d 456 (5th Cir. 2001). In that case, the Fifth Circuit stated that when leave to file an out-of-time appeal in a criminal case is granted, the district court should reinstate the criminal judgment so as to trigger the running of a new Rule 4(b) appeal period. The Fifth Circuit further said that the Section 2255 proceeding should be dismissed without prejudice. This procedure should be followed in the present case.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original motion for Section 2255 relief, the answer filed by the Government, the Movant's response thereto, the Report of the Magistrate Judge, and the Movant's objections thereto. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Government's motion to dismiss the motion to vacate sentence (docket no. 10) in part and to allow an out-of-time appeal is GRANTED. It is further

ORDERED that all of the Movant Macee Green's claims *except for* his claim that counsel failed to file a notice of appeal when requested to do so are hereby DISMISSED with prejudice. A certificate of appealability is DENIED as to these claims. It is further

ORDERED that the Movant's claim that he was denied an appeal be and hereby is DISMISSED without prejudice. It is further

ORDERED that the Clerk of the Court shall re-instate the judgment of conviction in the criminal case. In other words, the Clerk shall re-enter the original judgment of conviction in the criminal case, as of the date of entry of final judgment in this Section 2255 proceeding. Green shall then have **ten days from the date of reinstatement of the judgment of conviction in which to file a notice of appeal or motion under Rule 4(b)(4), Fed. R. App. Pro.** Finally, it is

ORDERED that any and all other motions which may be pending in this Section 2255 proceeding are hereby DENIED.

SIGNED this 12th day of February, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE